IN THE MATTER OF THE PETITION OF THE NEW YORK PROT-ESTANT EPISCOPAL PUBLIC SCHOOL TO VACATE ASSESSMENTS, ETC.

*Assessment — when vacated under chap. 580 of 1872*

Under the provisions of chapter 580 of 1872, providing that no assessment shall be set aside except in cases in which fraud is shown, a mere defect of authority in the officer contracting for the work is not sufficient to authorize the court to vacate the assessment. Accordingly, upon an application to vacate an assessment on the ground that the commissioner of public works had no authority

to make the contract for the work, without a previous resolution of the common council, *held*, that whether or not he had authority so to do was immaterial, as a mere defect therein would not authorize the court to vacate the assessment.

APPEAL from an order of the Special Term dismissing a petition to vacate an assessment.

*George C. Genet*, for the appellant.

*Hugh L. Cole*, for the respondent.

DAVIS, P. J.:

The petition in this case seeks to vacate assessments levied for sewers constructed under contracts made by William M. Tweed, late commissioner of public works. No fraud is alleged or shown, and the principal question presented is, whether the commissioner had power to make such contracts for the construction of sewers without a previous resolution of the common council of the city.

It does not seem to be necessary to pass upon the question of such power, because by section 7 of chapter 580 of the Laws of 1872, it is enacted that "no assessment hereafter made or imposed, or which shall hereafter be made or imposed for any local improvement in the city of New York, shall be vacated or set aside for or by reason of the omission of any officer to perform any duty imposed upon him, or for or by reason of any defect in the authority of any department or officer upon whose action the said assessment shall in any manner or to any extent depend, or for or by reason of any omission to comply with or carry out any detail of any law or ordinance, or for or by reason of any irregularity or technicality, except only in cases in which fraud shall be shown, and in cases of repavement." The Court of Appeals, *In the Matter of Meyer* (50 N. Y., 505), held this section to be constitutional; and amongst other things, in speaking of the section, said : " The remedy by petition, under the act of 1858, is preserved, but the grounds for vacating assessments are restricted to actual fraud." A mere defect of authority, therefore, is not sufficient to justify the court in interfering with the assessment under the act of 1858. The Special Term was therefore correct in dismissing the petition.

We do not consider the question whether the commissioner of

public works had power to make the contract without a previous ordinance or resolution of the common council. The late decisions of the Court of Appeals, in *Greene* v. *Mayer* (60 N. Y., 303) and *Matter of Blodgett* (not yet reported) tend to establish that the power of that officer was independent and unrestricted by resolutions and ordinances.

The order should be affirmed, with costs.

BRADY and DANIELS, JJ., concurred.

Order affirmed, with costs.